SHIRLEY EYMAN, Plaintiff-Appellant, v. McDONOUGH DISTRICT HOS-
PITAL, Defendant-Appellee.

Third District   No. 3—92—0627

Opinion filed May 14, 1993.

Cusack & Fleming, P.C., of Peoria (Michael A. Fleming, of counsel), for appellant.

Flack, McRaven & Stephens, of Macomb (A. Anthony Ashenhurst, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Shirley Eyman, filed a complaint for declaratory judgment against the defendant, McDonough District Hospital. The defendant filed a motion to dismiss, claiming that the plaintiff was improperly seeking a declaration of nonliability for past conduct. The circuit court granted the defendant's motion and also denied the plaintiff's oral motion for leave to file an amended complaint alleging breach of contract. The plaintiff appeals to this court, asking us to consider the following issues: (1) whether the circuit court abused its discretion in dismissing the plaintiff's declaratory judgment complaint with prejudice, and (2) whether the circuit court abused its discretion in refusing to allow the plaintiff to amend her complaint. For the following reasons, we affirm the judgment of the circuit court.

On June 19, 1992, the plaintiff filed a complaint for declaratory judgment. In the complaint, the plaintiff alleged that she entered into a physician recruitment agreement with the defendant, whereby she was to serve as medical director of the defendant's inpatient psychiatry unit. This unit was to be established by the defendant. The following financial incentives were offered the plaintiff in article II of the agreement: (1) $5,000 in moving expenses, and (2) guaranteed income of $10,416.66 per month, or $125,000 per year, by paying her the difference between this figure and the net income from her practice.

The plaintiff alleged that the defendant materially breached the physician recruitment agreement by failing to establish a psychiatry unit within a reasonable time. On May 27, 1991, the plaintiff sent a letter to the defendant, giving it notice that the agreement was terminated effective June 27, 1991. The plaintiff stated in her complaint that the defendant had advanced certain funds to her under article II of the agreement, and she claimed that she was entitled to retain those funds.

The contract contained various provisions with respect to breach. If the hospital terminated the contract due to a breach by the plaintiff, or if the plaintiff chose to exercise her right to quit at any time with a 30-day notice, then, if this occurred before the second anniversary of the contract, the plaintiff would be obligated to repay all monies; if this occurred after the second anniversary but before the third, the plaintiff would repay only 65% of the advances; and if the plaintiff served out the three-year contract period, she would be completely forgiven and would make no repayment. If the contract was terminated due to a material breach by

the defendant, the plaintiff was entitled to retain any funds advanced to her under article II prior to the termination date. These funds would serve as liquidated damages.

The defendant filed a motion to dismiss the plaintiff's complaint. In the motion, the defendant claimed that the plaintiff was seeking a declaration of nonliability for her past conduct in terminating the agreement. The defendant cited *Howlett v. Scott* (1977), 69 Ill. 2d 135, 370 N.E.2d 1036, for the proposition that a declaration of nonliability for past conduct is not a function of the declaratory judgment statute. On July 31, 1992, the court entered an order granting the defendant's motion. The court also denied the plaintiff's oral motion for leave to file an amended complaint alleging breach of contract.

The plaintiff first argues on appeal that the circuit court abused its discretion in dismissing her declaratory judgment complaint with prejudice. The plaintiff argues that she was asking the court to construe a contract between the parties, rather than seeking a declaration of nonliability for past conduct. We disagree.

The central purpose of the declaratory judgment procedure is to allow the court to address a controversy one step sooner than normal after a dispute has arisen, but before steps are taken which would give rise to a claim for damages or other relief. (*Senese v. Climatemp, Inc.* (1991), 222 Ill. App. 3d 302, 582 N.E.2d 1180.) The declaratory judgment procedure allows parties to a dispute to learn the consequences of their action before acting. (*Buege v. Lee* (1978), 56 Ill. App. 3d 793, 372 N.E.2d 427.) A declaration of nonliability for past conduct is not a function of the declaratory judgment statute. (*Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.* (1981), 99 Ill. App. 3d 433, 425 N.E.2d 429.) The granting or denying of declaratory relief rests within the sound discretion of the trial court, and the appellant must affirmatively show an abuse of discretion. *Marlow v. American Suzuki Motor Corp.* (1991), 222 Ill. App. 3d 722, 584 N.E.2d 345.

■ Despite the plaintiff's attempt to cast her pleading in a different light, it is apparent to us that she is seeking a declaration of nonliability for past conduct. The plaintiff asked the court to determine that she properly terminated the agreement and that she was entitled to retain the funds previously advanced to her as liquidated damages. She had already embarked on a course of conduct and wanted the court to find her not liable for that conduct. She was not seeking to learn the consequences of her actions before acting. The plaintiff tries to distinguish her case by stating that she also

asked the court to declare that the defendant materially breached the contract. Nevertheless, a breach of contract claim is an action at law and is not a proper subject for a declaratory judgment. (*Flashner Medical Partnership v. Marketing Management, Inc.* (1989), 189 Ill. App. 3d 45, 545 N.E.2d 177.) We find no abuse of discretion by the circuit court.

■ As a further matter, we note that the plaintiff's complaint was insufficient to state a cause of action for declaratory judgment because it did not disclose an actual controversy between the parties. In order to maintain a declaratory judgment action, there must be an actual controversy between the parties, capable of being affected by a determination of the controversy. (*Reagor v. Travelers Insurance Co.* (1980), 92 Ill. App. 3d 99, 415 N.E.2d 512.) The plaintiff's complaint alleged, in conclusional fashion, that there was an actual controversy between the parties, but pled no facts indicating such a controversy. Legal conclusions unsupported by allegations of specific facts are insufficient to state a cause of action. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37.) The plaintiff apparently believes that she can cure this defect in pleading by including facts foreign to the record in her appellate brief. The plaintiff states in her brief that the hospital wrote to her and accused her of a breach of contract, declared a termination of the contract if she failed to cure her breach, and asked for reimbursement of contract payments made to her if she failed to cure the breach. These "facts" have no basis in the record and will not be considered by this court on appeal. See *Finance America Commercial Corp. v. Econo Coach, Inc.* (1981), 95 Ill. App. 3d 185, 419 N.E.2d 935.

■ The plaintiff next argues that the trial court abused its discretion in refusing to allow her to amend her complaint. The plaintiff apparently made an oral motion for leave to file an amended complaint, alleging breach of contract and seeking damages. The allowance of amendment to the pleadings is within the sound discretion of the trial court, and a refusal to allow amendment is reversible error only if there is an abuse of discretion. (*City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 377 N.E.2d 114.) The plaintiff did not present the proposed amendment to the trial court, nor did she incorporate it into the record on appeal. Therefore, we are unable to review the soundness of the trial court's ruling and must assume that the denial of the motion was not an abuse of discretion. See *Erzrumly v. Dominick's Finer Foods, Inc.* (1977), 50 Ill. App. 3d 359, 365 N.E.2d 684.

For the foregoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

LYTTON and BRESLIN, JJ., concur.