2022 IL App (3d) 200542

Opinion filed April 25, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0542 |
| | ) | Circuit No. 20-MR-519 |
| TOWNES OF CEDAR RIDGE CONDOMINIUM ASSOCIATION, | ) ) ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Hauptman and McDade concurred in the judgment and opinion.

_____

**OPINION**

¶ 1      Plaintiff Travelers Indemnity Company of America (Travelers) filed this declaratory judgment action against defendant Townes of Cedar Ridge Condominium Association (Cedar Ridge) seeking a finding that the appraisal provision of the insurance policy it issued to Cedar Ridge did not apply and that it properly denied Cedar Ridge's request for an appraisal. The trial court dismissed the complaint on Cedar Ridge's motion. Travelers appealed. We affirm.

¶ 2                     I. BACKGROUND

¶ 3    Travelers issued an insurance policy to Cedar Ridge, the condominium association for residents in a complex of approximately 40 buildings, for direct physical loss or damage to the buildings. The insurance policy was effective September 6, 2018, to September 6, 2019. The policy included the following provision under the heading, "Property Loss Conditions":

"Appraisal

If we and you disagree on the value of the property, the amount of Net Income and operating expense or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property, the amount of Net Income and operating expense or the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

* * *

If there is an appraisal, we will still retain our right to deny the claim."

The policy excluded coverage for wear and tear and for deterioration.

¶ 4    In May 2019, Cedar Ridge informed Travelers that its buildings suffered hail damage from a storm in March 2019. Travelers inspected the property and found that some gutters, downspouts, air conditioning units, and one shingle on one roof sustained hail damage. It determined the rest of the damage was the result of wear and tear, which was not covered under the insurance policy. Travelers issued a check for $17,140.88 for the damages it found were covered. Travelers informed Cedar Ridge of the denial of the remainder of its claim on October 1, 2019.

¶ 5        Cedar Ridge responded by providing to Travelers an estimate of $2,078,657.08, to repair the damages to its buildings it maintained was caused by the March 2019 hailstorm. Cedar Ridge thereafter demanded an appraisal to resolve the dispute regarding its claim. Travelers rejected the appraisal demand on the basis that it had denied Cedar Ridge's claim because it found no wind or hail damage to the buildings, not because it disagreed with the amount of loss. According to Travelers, Cedar Ridge was disputing coverage, which was precluded under the appraisal provision.

¶ 6        Travelers thereafter sought a declaratory judgment concerning the scope of the appraisal provision. Cedar Ridge moved to dismiss, arguing that Travelers already rejected its demand for an appraisal, thus forfeiting its opportunity to have the trial court declare whether Cedar Ridge's appraisal request and Travelers' denial were appropriate under the policy. The trial court granted the motion to dismiss and dismissed the complaint with prejudice. Travelers appealed.

¶ 7                                              II. ANALYSIS

¶ 8        The issue on appeal is whether the trial court erred when it dismissed Travelers' declaratory judgment complaint. Travelers argues that the dismissal was in error, maintaining the issue in dispute with Cedar Ridge was an insurance coverage dispute not amenable to the appraisal provision Cedar Ridge sought to employ. Travelers submits there is an actual controversy in dispute and its declaratory judgment action is an appropriate means to resolve it.

¶ 9        A section 2-615 motion to dismiss alleges that the complaint is insufficient on its face. 735 ILCS 5/2-615 (West 2020). When deciding whether a complaint is legally sufficient, the court accepts as true all well-pleaded facts and all reasonable inferences that may come from those facts. *Auto Owners Insurance Co. v. Callaghan*, 2011 IL App (3d) 100530, ¶ 8. " 'The critical inquiry in deciding upon a section 2-615 motion to dismiss is whether the allegations of the complaint,

when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.' " *Id.* (quoting *Board of Directors of Bloomfield Club Recreation Ass'n v. Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999)). A dismissal is appropriate under section 2-615 only where there is no set of facts the plaintiff may prove that would entitle him to relief. *Id.* This court reviews a trial court's section 2-615 dismissal *de novo*. *Davis v. Davis*, 2019 IL App (3d) 170744, ¶ 9.

¶ 10        A declaratory judgment allows the court, "in cases of actual controversy, [to] make binding declarations of rights, having the force of final judgments." 735 ILCS 5/2-701(a) (West 2020). The elements of a declaratory judgment action are "(1) a plaintiff with a tangible, legal interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interests." *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004). A declaratory judgment action allows the court "to address a controversy one step sooner than normal after a dispute has arisen, but before steps are taken which would give rise to a claim for damages or other relief." *Eyman v. McDonough District Hospital*, 245 Ill. App. 3d 394, 396 (1993). As such, a declaratory judgment allows the parties to discover the consequences of their conduct before they act. *Id.* A declaratory judgment action is not the vehicle for a declaration of nonliability for past conduct, as it "deprives the potential plaintiff of his right to determine whether he will file, and, if so, when and where." *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977). "The doctrine of nonliability for past conduct bars an action for declaratory judgment when the conduct that makes a party liable, that is, amenable to suit, has already occurred." *Adkins Energy, LLC*, 347 Ill. App. 3d at 378.

¶ 11        Our analysis involves determining whether the facts are sufficient to sustain Travelers' declaratory judgment action. First, we conclude that Travelers had a tangible legal interest in

upholding the provisions of its insurance policy, including rejecting Cedar Ridge's appraisal request. We also agree that Cedar Ridge had an opposing interest in that it wanted to use the appraisal procedure. We find, however, that Travelers cannot satisfy the third requirement, that there be an actual controversy between the parties. Once Travelers denied Cedar Ridge's request for an appraisal, there was no longer an actual controversy regarding the applicability of the appraisal provision, and Travelers cannot fulfill the requirements necessary for a declaratory judgment.

¶ 12        Travelers offers several reasons in support of its claim that an actual controversy does exist between the parties and that its declaratory judgment action was the proper vehicle to resolve it. One reason Travelers presents is that Cedar Ridge never withdrew its appraisal request after Travelers denied it, thus leaving in limbo the coverage issue regarding the hail damage. According to Travelers, there exists an actual controversy about where the dispute should be resolved, either through the appraisal process or by some other procedure. We disagree with Travelers' reasoning. Travelers undisputedly denied Cedar Ridge's request to use the appraisal procedure. Travelers did not ask Cedar Ridge to withdraw its appraisal request, and there was no need to do so since the request was denied. There was no further action required by Cedar Ridge regarding the denial other than to file a breach of contract action. Its request for the appraisal process did not place the parties in limbo.

¶ 13        Travelers further submits that a declaration from the court will guide the parties' future conduct regarding the appraisal process. However, Travelers' denial of Cedar Ridge's appraisal request terminated any controversy regarding its applicability. Contrary to Travelers' assertion, the status of Cedar Ridge's claim for the appraisal process was not at a standstill. Travelers' denial terminated Cedar Ridge's opportunity to use that process. Had Travelers wanted guidance on the

scope of the appraisal provision as it maintains, it should have sought a declaration prior to making a determination about Cedar Ridge's appraisal request.

¶ 14    Travelers asserts that it acted properly and promptly in seeking declaratory relief after denying Cedar Ridge's request to use the appraisal provision under the policy. Travelers compares its conduct to the situation where an insurance company rejects its duty to defend and thereafter seeks a declaration that its denial of a tendered defense was proper. According to Travelers, it satisfied the "reasonable time" test employed by courts when determining a duty to defend issue. It relies on *L.A. Connection v. Penn-America Insurance Co.*, 363 Ill. App. 3d 259 (2006), to support its assertion. In *L.A. Connection*, the insurer denied the insured's tender of a defense, and the insured sought declaratory relief. *Id.* at 261. The insured argued that the insurer was estopped from claiming that coverage was barred by a policy exclusion because the insured breached its duty to defend. *Id.* at 262. The reviewing court engaged in an estoppel analysis, ultimately determining the insurer had a duty to defend but that it discharged that duty when it filed a cross-claim for declaratory relief in response to the declaratory judgment action filed by the insured. *Id.* at 264. The reviewing court found that estoppel was not appropriate because the insurer timely sought declaratory relief within four months of its denial of the insured's defense. *Id.* at 266. By filing its declaratory judgment action within a reasonable time, the insurer did not breach its duty to defend. *Id.*

¶ 15    We distinguish *L.A. Connection* from the present case. First, *L.A. Connection* was a duty to defend case, and the issue was whether the insurer was estopped from offering policy defenses due to its denial of its duty to defend. In contrast, the issue here is whether a declaratory judgment action is the proper vehicle for review of Travelers' conduct. In *L.A. Connection*, the court found the insurer satisfied its obligations by timely seeking a declaratory judgment in response to the

6

declaratory action filed by the insured. In the instant case, Travelers initiated the proceedings by filing its declaratory judgment complaint. Although it did so within three months of its denial of Cedar Ridge's appraisal request, we do not consider the reasonable time test employed in duty to defend cases to be appropriate in this property damage case. Unlike duty to defend cases, where the third-party action would generally remain pending, Travelers' denial of the appraisal request foreclosed any further action based on the appraisal provision. Contrary to Travelers' contention that there was a dispute over the scope of coverage, it terminated the dispute when it denied Cedar Ridge's request to employ the appraisal procedure. Unlike *L.A. Connection*, where the insured continued the dispute by seeking declaratory relief, Travelers ended the dispute and then sought confirmation that termination was appropriate. *L.A. Connection* does not aid Travelers.

¶ 16         This case is more aligned with *Eyman*, 245 Ill. App. 3d 394. In *Eyman*, a doctor sought a declaration that her termination of a recruitment agreement was proper and that she was entitled to liquidated damages as a result of the termination. *Id.* at 395-96. The reviewing court affirmed the trial court's dismissal of the declaratory judgment action, finding the doctor had already terminated the contract before seeking a declaration that termination was proper. *Id.* at 396. The court found that the doctor was seeking a declaration of nonliability for past conduct, which was not a proper subject for a declaratory judgment complaint. *Id.*

¶ 17         Like the doctor in *Eyman*, Travelers already terminated the option of the appraisal procedure and then asked the court to approve its conduct. A declaratory judgment action is not the proper vehicle to review past conduct. Travelers' denial effectively terminated Cedar Ridge's opportunity to have its claim resolved through the appraisal process. If Travelers wanted confirmation of its denial of the appraisal request, Travelers should have first filed its declaratory judgment complaint seeking guidance on whether Cedar Ridge's claim fell under the appraisal

provision. Instead, it denied first and sought guidance later. As such, the trial court did not err when it dismissed Travelers' declaratory judgment complaint. See *Chicago & Eastern Illinois R.R. Co. v. Reserve Insurance Co.*, 99 Ill. App. 3d 433, 437 (1981) (insurance company's action seeking a declaration that it did not breach its insurance policies was not proper function of declaratory judgment); *Senese v. Climatemp, Inc.*, 222 Ill. App. 3d 302, 314 (1991) (court properly dismissed declaratory judgment action based on allegedly fraudulent transaction that took place 30 years prior).

¶ 18                                                III. CONCLUSION

¶ 19        For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 20        Affirmed.

**No. 3-20-0542**

| | |
|---|---|
| **Cite as:** | *Travelers Indemnity Co. of America v. Townes of Cedar Ridge Condominium Ass'n*, 2022 IL App (3d) 200542 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 20-MR-519; the Hon. John C. Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Thomas B. Orlando, of Foran Glennon Palandech Ponzi & Rudloff PC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Christina M. Phillips and Edward Eshoo Jr., of Merlin Law Group, P.A., of Chicago, for appellee. |