2023 IL App (1st) 221368-U

FOURTH DIVISION
Order filed: April 27, 2023

No. 1-22-1368

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SHELTER MUTUAL INSURANCE COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CH 4560 |
| | ) | |
| MATTHEW B. MOUW and MARY K. MOUW, | ) | Honorable |
| | ) | Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

## ORDER

¶ 1   *Held*:  We affirm the judgment of the circuit court dismissing an insurer's declaratory judgment action, which concerned whether an insured's loss is covered and whether the insured properly invoked the right to appraisal, on the grounds that a declaratory judgment on the issues of coverage and appraisal is barred when the insurer has already issued a denial of coverage and of the demand for appraisal.

¶ 2   Appellant Shelter Mutual Insurance Company ("Shelter Mutual") appeals a circuit court order dismissing its declaratory judgment action against Matthew and Mary Mouw. The circuit

court concluded that Shelter Mutual's action seeking rulings as to whether certain alleged damage to the Mouws' residence is covered under their policy with Shelter Mutual and whether the Mouws had properly invoked their right to appraisal was barred because Shelter Mutual had already issued a denial of coverage and rejected the appraisal demand, rendering the declaratory action one that was seeking ratification of past conduct. We agree with the circuit court's ruling and affirm the order dismissing Shelter Mutual's complaint.

¶ 3    On May 16, 2019, the Mouws' residence was damaged by hail. The Mouws notified their insurer, Shelter Mutual, which hired Ladder Now to conduct an inspection. Following that inspection, Shelter Mutual determined that it would cost $1683.18 to repair damage to two roof vents and certain interior walls and ceilings that had been damaged by rain ingress. The Mouws responded that Shelter Mutual's inspection had missed additional hail damage and requested a reinspection. Shelter Mutual hired Haag Engineering to reinspect the property, and that inspection revealed additional damage to the Mouws' residence, primarily to metal components of the cedar-shake roof such as valleys, gutters, and flashing. Shelter Mutual determined that it would cost $40,382.95 to repair that damage. After accounting for depreciation and the policy deductible, Shelter Mutual issued an $11,937.62 payment to the Mouws for the hail damage.

¶ 4    The Mouws then hired a roofing company, Shake Guys, to review Shelter Mutual's repair estimate. Shake Guys concluded that the repairs that Shelter Mutual had outlined could not be completed without substantial additional work to the cedar-shake roof. For example, repair of the copper valleys would not be limited to just the copper valley pieces themselves but would require replacement of the cedar shakes running along those valleys as well. In total, Shake Guys estimated that it would cost $147,110.40 to repair the damaged roof and $178,676.10 to replace the already-

well-worn roof entirely. After Shelter Mutual reenlisted Haag to review the Shake Guys estimate, Shelter Mutual issued a revised repair estimate of $72,525.05, which came to $23,090.23 after subtracting depreciation and the policy deductible. Shake Guys then provided another post-deductible estimate of $203,439.55.

¶ 5    Given the inability of the parties to determine the cost of repair, on August 6, 2021, the Mouws submitted a demand for appraisal to Shelter Mutual, as allowed by their policy when the parties do not agree on the amount of loss. On August 26, Shelter Mutual sent a letter to the Mouws in response to the appraisal demand. In the "COVERAGE DETERMINATION" section of that letter, Shelter Mutual stated that "[i]t is Shelter's position that Your claimed damages are not covered under the Policy for the claimed hail event that occurred on May 16, 2019." Shelter Mutual added, "[i]t is Shelter's position that You have failed to meet your burden under the Policy, and failed to show Your claimed damage is a direct physical loss of or damage to the property resulting from the hail event." Shelter Mutual maintained that the "maximum amount of supported damages owed to You under the Policy" was $35,027.85, which was the total of Shelter Mutual's second and third repair estimates of $11,937.62 and $23,090.23, respectively.

¶ 6    Regarding the Mouws' demand for appraisal, Shelter Mutual stated that it was its position that the appraisal clause "do[es] not apply to Your Claim at this time" because that clause only applies when there is a disagreement about the amount of loss and "the active dispute between Shelter and You is whether the damage claimed by You is a covered loss under the policy, and not a dispute over the amount of the loss."

¶ 7    On September 8, 2021, Shelter Mutual filed a complaint in circuit court seeking a declaratory judgment determining that the Mouws' claimed loss exceeding Shelter Mutual's

estimate of $35,027.85 was not a covered loss under the policy and that the appraisal clause did not apply to the claimed loss at issue. The Mouws responded with a motion to dismiss the complaint under section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2020)) on the grounds that a declaratory judgment would be inappropriate because Shelter Mutual had already rejected the Mouws' claim and appraisal demand. According to the Mouws, Shelter Mutual was seeking ratification of its past actions, which is not an appropriate use for a declaratory judgment. The circuit court agreed with the Mouws and granted the motion to dismiss with prejudice. The court explained its reasoning as follows:

"While Shelter attempts to categorize the August 26th letter as merely 'stating its position,' the August 26th letter was, for all intents and purposes, a denial of coverage and a denial of the Mouws demand for appraisal which 'fixed' the rights of the parties. Shelter is now impermissibly seeking a declaration of no liability for its past conduct. As the parties' respective rights have been fixed, there is no 'actual controversy' between the parties such that a complaint seeking declaratory judgment would be warranted."

Shelter Mutual moved for reconsideration of the court's order, which the court denied. This appeal follows.

¶ 8 The sole issue presented in this appeal is whether an actual controversy presently exists between the parties regarding whether the Mouws' claimed loss is covered by the policy and whether the Mouws appropriately invoked the right to an appraisal. That issue is foremost in a case such as this because the existence of "an actual controversy between the parties" is one of the basic requirements of a declaratory judgment action. *Travelers Indemnity Company of America v. Townes of Cedar Ridge Condominium Ass'n*, 2022 IL App (3d) 200542, ¶ 10 (quoting *Adkins*

*Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 376 (2004)). Indeed, the purpose of a declaratory judgment is to allow a court to address a controversy and provide guidance to the parties *before* they take any actions that might give rise to a claim for damages or other relief. *Id.* (citing *Eyman v. McDonough District Hospital*, 245 Ill. App. 3d 394, 396 (1993)). For that reason, "[a] declaratory judgment action is not the vehicle for a declaration of nonliability for past conduct, as it 'deprives the potential plaintiff of his right to determine whether he will file, and, if so, when and where.' " *Id.* (quoting *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977)). Based on these principles, courts have concluded that a party may not seek a declaratory judgment when the conduct that might make that party liable or amenable to suit has already occurred. *Id.* (citing *Adkins*, 347 Ill. App. 3d at 378). Because this issue is before us on a motion to dismiss under section 2-619(9) of the Code, which allows for dismissal when "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim," we review the circuit court's ruling *de novo*. See *American Family Mutual Insurance Co. v. Krop*, 2018 IL 122556, ¶ 13.

¶ 9    When we look at the letter that Shelter Mutual sent to the Mouws in response to their demand for an appraisal, we reach the same conclusion as the circuit court and view the letter as a denial of coverage and of the Mouws' demand for an appraisal that extinguished any active controversy between the parties on the issues of coverage and appraisal. Shelter Mutual argues that this conclusion is erroneous because it twice mentioned in the letter that there was an "active dispute" between the parties and because it merely stated that the appraisal clause did not apply "at this time," but we are not persuaded that those words outweigh the import of other statements in the letter.

¶ 10   Notably, on the issue of coverage, Shelter Mutual flatly declared in the "COVERAGE DETERMINATION" section of the letter that "[i]t is Shelter's position that Your claimed damages are not covered under the Policy for the claimed hail event that occurred on May 16, 2019," and that "[i]t is Shelter's position that You have failed to meet your burden under the Policy, and failed to show Your claimed damage is a direct physical loss of or damage to the property resulting from the hail event." We fail to see how these statements, particularly the conclusion that the damages "are not covered by the policy," can be read as anything other than a denial of coverage. And our court has previously held that when an insurer issues a denial of this nature it cannot then seek a declaratory judgment on the issue of whether its denial was correct. See *Townes of Cedar Ridge*, 2022 IL App (3d) 200542, ¶ 11 ("Once Travelers denied Cedar Ridge's request for an appraisal, there was no longer an actual controversy regarding the applicability of the appraisal provision, and Travelers cannot fulfill the requirements necessary for a declaratory judgment.").

¶ 11   Further, based on our view that Shelter Mutual's letter amounted to a denial of coverage, it necessarily follows that there would not be an active controversy over the applicability of the appraisal provision, given that the appraisal provision only applies when a loss is covered by the policy and there is only a dispute as to the amount of loss. Indeed, Shelter Mutual itself stated that "the active dispute between Shelter and You is whether the damage claimed by You is a covered loss under the policy, and not a dispute over the amount of the loss." As a result, Shelter Mutual concluded, again in the "COVERAGE DETERMINATION" section of its letter, that "the Appraisal Clause does not apply to Your Claim at this time." As with the issue of coverage, we view this as a denial of the Mouws' demand for an appraisal, which extinguished any actual controversy on that issue and precluded the availability of a declaratory judgment. See *id.*

¶ 12     Although Shelter Mutual points to the "at this time" language as an indication of an ongoing dispute that is ripe for declaratory relief, that argument is belied by the fact that Shelter Mutual plainly stated that the Mouws' alleged loss was not covered by the policy, without any indication that there was anything that might change that determination. Shelter Mutual did not ask for additional documentation or inspections or otherwise explain what it needed in order to make a coverage determination. Rather, it stated outright that the loss was not covered. Accordingly, we view the "at this time" language as inconsequential within the context of the letter as a whole, which evidenced that Shelter Mutual had made its final coverage determination.

¶ 13     Along these same lines, Shelter Mutual also complains that a ruling in the Mouws' favor on this issue would mean that insurers would not be able to outline their positions in ongoing disputes without losing the ability to seek a declaratory judgment, but we disagree. Rather than definitively stating that an alleged loss is not covered by the policy or that an appraisal clause does not apply, as Shelter Mutual did here, an insurer outlining its present position could, for example, say that it is reserving its right to make a final determination on a given issue pending certain further action, whether that be additional inspections, additional documentation, the satisfaction of a condition precedent, etc. Accordingly, we are not persuaded by this argument.

¶ 14     Shelter Mutual makes two additional arguments in rebuttal, both of which we find to be without merit. Shelter Mutual first contends that its September 8 complaint was filed "virtually simultaneously" with its August 26 letter to the Mouws, but we find that to be of no significance. Even if the dates were reversed, and the letter came shortly after the filing of the complaint, the denial of coverage and of the demand for an appraisal contained in the letter would still negate the availability of a declaratory judgment. It is Shelter Mutual's denial that precludes the availability

of a declaratory judgment, not the relative timing of the denial and the filing of the complaint. Once Shelter Mutual denied coverage and the appraisal, the controversy over those issues ceased to exist for declaratory judgment purposes. Accordingly, the timing is insignificant.

¶ 15 Second, Shelter Mutual argues that the Mouws cannot now claim that there is no actual dispute between the parties when the Mouws have purportedly taken a contrary position in federal court. After the circuit court dismissed Shelter Mutual's complaint for a declaratory judgment, the Mouws filed their own complaint in federal court raising three claims for relief, including a claim for a declaratory judgment compelling Shelter Mutual to proceed with an appraisal. As part of that claim, the Mouws stated that an "actual and justiciable controversy exists between [the Mouws] and Shelter." Shelter Mutual, therefore, argues in this appeal that the Mouws' argument in this case that there is no controversy is belied by their federal court allegations. However, the controversy referenced in the Mouws' federal court complaint is one specifically regarding the "amount of loss," as is required under the policy to compel an appraisal. The Mouws do not argue in that complaint that there is a dispute over coverage, which is the issue presently before this court. Accordingly, we do not view the Mouws' positions as inconsistent.

¶ 16 For the foregoing reasons, we affirm the judgment of the circuit court dismissing Shelter Mutual's complaint for a declaratory judgment.

¶ 17 Affirmed.