2024 IL App (1st) 221292-U

No. 1-22-1292

Filed October 30, 2024

Third Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RELIANCE CAPITAL MARKETS II, LLC, d/b/a RCM ALTERNATIVES LLC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 20 CH 5383 |
| ECORP INTERNATIONAL, LLC, ECORP ENERGY MARKETING, LLC, SENSA-LREC, LLC, TALLIS STORAGE MANAGEMENT, LLC, and ROBERT HAY, | ) ) ) ) ) ) ) | Honorable Caroline Moreland, |
| Defendants-Appellees. | ) | Judge, Presiding. |

Justice MARTIN delivered the judgment of the court.
Presiding Justice Lampkin and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Illinois lacks personal jurisdiction over nonresident firm whose only alleged contact with Illinois is trading on the Chicago Mercantile Exchange and the underlying cause of action is unrelated to any such trading activity. The circuit court did not abuse its discretion in denying request for limited discovery.

## I. BACKGROUND

ECorp[1] filed a lawsuit in Harris County, Texas, against various Texas-based entities and individuals, claiming, *inter alia*, misappropriation of trade secrets and confidential information. ECorp alleged that two of its former executives, Robert Hay and Layton Hiller, acting in concert with other companies, used eCorp's proprietary strategies for trading natural gas futures to usurp business opportunities from eCorp. After some discovery in the Texas case, eCorp requested leave to file an amended complaint to name additional defendants, including Reliance Capital Markets II, LLC (RCM). ECorp's proposed amended complaint alleged that Hay met with RCM executives in Chicago and established an account with RCM to clear trades using eCorp's trading strategy. Based on RCM's dealings with Hay, eCorp asserted various claims against RCM.

While eCorp's motion for leave to file an amended complaint in the Texas case was pending, RCM filed the instant action in Illinois. RCM requested a declaratory judgment that it did not: (1) aid or abet Hay to breach his fiduciary duty to eCorp, (2) conspire to interfere with eCorp's contractual relationships or business opportunities, or (3) conspire to misappropriate eCorp's trade secrets or confidential information. The requested declarations are direct refutations of the claims asserted in eCorp's proposed amended complaint in Texas.

ECorp filed a motion to dismiss RCM's complaint on three alternative bases. First, eCorp asserted that Illinois courts lacked personal jurisdiction over it. Second, that the same parties were involved in pending litigation over the same subject in the Texas case. And third, that RCM's complaint was an improper request for a declaration of nonliability for past actions. On the jurisdictional issue, eCorp professed that it is incorporated in Delaware and its principal place of business is Texas. ECorp further stressed—as attested in an attached affidavit from its Chairman

---

[1]ECorp International, LLC, eCorp Energy Marketing, LLC, and SENSA-LREC, LLC are related entities. We refer to them collectively as eCorp.

and CEO, John Thrash—that it has no office in Illinois, employs no one in Illinois, and conducts no business in Illinois. In addition, eCorp asserted that RCM's complaint fails to allege any activity on eCorp's part directed at Illinois.

¶ 6        RCM filed a response arguing, *inter alia*, that eCorp must have contact with Illinois because it trades natural gas futures and options on the Chicago Mercantile Exchange (CME). RCM offered no evidence to supports its claim that eCorp trades through the CME. Rather, RCM argued eCorp must trade on the CME since eCorp represents that it trades natural gas futures and options and controls 20% of the market and the CME is one of only two exchanges for natural gas futures and options in the United States. Thus, RCM contended eCorp has sufficient contacts with Illinois for Illinois courts to exercise jurisdiction over it. RCM further insisted that since eCorp's trading strategies were at issue in the underlying dispute, this case was related to eCorp's trading activity in Illinois, thereby vesting Illinois courts with jurisdiction over eCorp for this case.

¶ 7        ECorp replied with a supplemental affidavit from Thrash attesting that it does not trade on the CME. Moreover, eCorp maintained that even if it did trade on the CME, such trading would not suffice to confer Illinois courts with jurisdiction over it.

¶ 8        Subsequently, eCorp filed a motion to dismiss based on *forum non conveniens*, arguing that Texas is a more appropriate forum. In response, RCM filed a motion requesting that the court allow it to take limited discovery. In part, RCM sought discovery pursuant to Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013) on issues related to eCorp's motion to dismiss for lack of jurisdiction. RCM also sought discovery under Illinois Supreme Court Rule 187 (eff. Jan. 1, 2018) on the issues raised in eCorp's *forum non conveniens* motion. RCM attached an affidavit from Edmund Sweeney, an RCM principal, attesting that he attempted but could not obtain information to ascertain whether eCorp trades on CME. An affidavit from one of RCM's lawyers was also

attached adding that he believed he could ascertain whether eCorp trades on CME by deposing Thrash. The court initially denied RCM's motion for limited discovery, finding that RCM was not diligent in its request, as eCorp's initial motion to dismiss was fully briefed and a ruling was imminent. RCM filed a motion for reconsideration of its request for limited discovery and the court ordered additional briefing on the matter.

¶ 9 Later, the court entered a written order granting eCorp's motion to dismiss, finding that the court lacked personal jurisdiction. The court reasoned that even assuming eCorp traded on the CME, such trading did not suffice to vest Illinois courts with jurisdiction over eCorp. First, the court noted that RCM cited no authority to support that trading on an exchange was sufficient for general jurisdiction. In the court's estimation, that proposition was dubious as it would be so far-reaching as to give Illinois jurisdiction over every company that trades on the CME. Separately, the court deemed the connection between the underlying dispute and any trading on CME "tenuous." Ultimately, the court concluded that its exercise of jurisdiction over eCorp would offend traditional notions of fair play and substantial justice. Accordingly, the court dismissed RCM's complaint with prejudice.

¶ 10 RCM filed a motion to reconsider, claiming that it discovered evidence indicating eCorp traded on CME. In support, RCM attached copies of invoices showing trades Hay made on behalf of eCorp on two days in 2017. RCM also cited and described federal cases where courts found trading on an exchange sufficient contact for personal jurisdiction. RCM also reiterated its request for limited discovery and noted that its prior motion to reconsider had not been ruled upon. Lastly, RCM requested an opportunity to amend its complaint to cure the jurisdictional defects after obtaining limited discovery.

¶ 11          By written order entered July 22, 2022, the court denied RCM's motion to reconsider. Evidence that eCorp traded on CME was of no moment, the court reasoned, since its prior analysis assumed so *arguendo*. For the same reason, limited Rule 191 discovery for the purpose of responding to eCorp's motion was unnecessary. In addition, the court noted that RCM requested limited discovery months after RCM filed its response, the matter was fully briefed, and the court had scheduled a ruling. Thus, the court denied RCM's motion to reconsider the motion for limited Rule 191 discovery.

¶ 12          The court further observed that the federal cases RCM relied on were inapposite since those cases did not involve general jurisdiction: they were, instead, examples of specific jurisdiction where the underlying claim arose from specific transactions made on an exchange. By contrast, specific jurisdiction was lacking here as RCM was not suing eCorp based on trades made on the CME. For those reasons, the court denied RCM's motion to reconsider its granting of eCorp's motion to dismiss for lack of jurisdiction. Consequently, the court also denied RCM's motion to reconsider its request for Rule 187 discovery as moot. Such discovery would be limited to the issues raised in the *forum non conveniens* motion, which was also mooted by dismissal for lack of jurisdiction. The court indicated that its order was final.

¶ 13          RCM appealed. ECorp filed a motion to dismiss the appeal, arguing that the court's order was not final as to all parties. ECorp explained that RCM's claims as to the other named defendants, Hay and Tallis Storage Management LLC,[2] were unresolved, and the court had not made the requisite finding, pursuant to Illinois Supreme Court Rule 304(a) (Mar. 8, 2016), that would permit an appeal while those claims remained pending. After the parties briefed the issue, we remanded this matter to the circuit court to clarify whether its order was final and appealable.

_____

[2]Robert Hay and Tallis Storage Management LLC are not parties to this appeal.

Subsequently, the circuit court entered an order with a written finding that there is no just reason for delaying enforcement or appeal from its July 22, 2022, order. Thereafter, we ordered the parties to resume briefing in this appeal.[3]

¶ 14                                                    II. ANALYSIS

¶ 15        RCM raises two issues on appeal: (1) whether the circuit court erred in finding that it lacked personal jurisdiction over eCorp and (2) whether the circuit court erred in denying RCM's motion requesting limited discovery.

¶ 16        We address the jurisdictional issue first. The plaintiff has the burden to establish a *prima facie* basis to exercise personal jurisdiction over a nonresident defendant. *Russell v. SNFA*, 2013 IL 113909, ¶ 28. When, as here, a circuit court determines the question based solely on documentary evidence, our review is *de novo*. *Id*.

¶ 17        Illinois's long-arm statute authorizes courts in this state to exercise jurisdiction over nonresident defendants on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c) (West 2020). The due process clause of the fourteenth amendment limits the power of state courts to " 'exercise jurisdiction over an out-of-state defendant if the defendant has certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " *Rios v. Bayer Corp.*, 2020 IL 125020, ¶ 17 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). Thus, due process requires that we assess whether a nonresident defendant has sufficient contacts with Illinois. *Id*.

¶ 18        Personal jurisdiction may be general or specific. *Id*. ¶ 19. General jurisdiction allows a state court to "hear any claim against a nonresident corporation when the corporation's 'affiliations with

---

[3]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

the State are so continuous and systematic as to render' it 'essentially at home' in the State." *Id*. (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 919 (2011)). RCM argues that eCorp's trading on the CME is so substantial that Illinois is eCorp's "trading home," thus giving Illinois general jurisdiction over eCorp. We disagree. The authority RCM offers does not support a finding of general jurisdiction based on business volume. For example, in *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F. 3d 421, 427-29 (7th Cir. 2010), the court found the defendant's business volume in Illinois justified the exercise of *specific* jurisdiction for claims related to its contacts with Illinois. We know of no authority that supports the proposition that trading on a commodities exchange like the CME gives rise to general jurisdiction over a nonresident entity. Therefore, we find that eCorp is not "essentially at home" in Illinois.

¶ 19     Specific jurisdiction, unlike general jurisdiction, may be exercised only " 'if the defendant has purposefully directed [its] activities at residents of the forum' and if 'the litigation results from alleged injuries that arise out of or relate to those activities.' " *Rios*, 2020 IL 125020, ¶ 20 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Courts have found that the "arise out of" or "relate to" requirement is lenient and flexible. *Russell*, 2013 IL 113909, ¶ 83. Yet, even if that standard is satisfied, traditional notions of fair play and substantial justice require that the exercise of jurisdiction be reasonable. *Id*. ¶¶ 34, 87. Our supreme court has identified the following factors to consider when deciding reasonableness: (1) the burden imposed on the defendant by requiring it to litigate in a foreign forum; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the interests of the other affected forums in the efficient judicial resolution of the dispute and advancement of substantive social policies. *Id*. ¶ 87.

¶ 20    We find that none of these factors weigh in favor of subjecting eCorp to the jurisdiction of Illinois courts. As eCorp's offices, employees, and operations are almost entirely in Texas, Illinois is obviously a burdensome forum for eCorp.

¶ 21    More significant, Illinois has no interest in resolving the underlying dispute. A state has such an interest when a resident seeks redress for injury caused by a nonresident and it would be unfair for a nonresident defendant to avoid the legal consequences that arise from its activity in the state. *Id*. ¶ 41. RCM's claim does not present such circumstances. To be sure, RCM's declaratory judgment action involves no eCorp activity directed toward Illinois. Instead, it involves RCM's own alleged activity, which eCorp claims injured eCorp in Texas.

¶ 22    In addition, RCM does not have a credible interest in obtaining relief in Illinois since the declarations it seeks are essentially findings of nonliability for the claims eCorp is alleging in Texas. Thus, RCM's complaint for declaratory judgment is improper. "A declaratory judgment action is not the vehicle for a declaration of nonliability for past conduct, as it 'deprives the potential plaintiff of his right to determine whether he will file, and, if so, when and where.' " *Travelers Indemnity Company of America v. Townes of Cedar Ridge Condominium Ass'n*, 2022 IL App (3d) 200542, ¶ 10 (quoting *Howlett v. Scott*, 69 Ill. 2d 135, 143 (1977)). " 'The doctrine of nonliability for past conduct bars an action for declaratory judgment when the conduct that makes a party liable, that is, amenable to suit, has already occurred.' " *Id*. (quoting *Adkins Energy, LLC v. Delta-T Corp.*, 347 Ill. App. 3d 373, 378 (2004)). RCM's alleged conduct making it amenable to suit from eCorp manifestly occurred before RCM filed its complaint in Illinois.

¶ 23    Further, Texas has a greater interest in resolving the underlying dispute, as related litigation involving multiple Texas-based entities on the same issues has already commenced in that state. The declaratory judgment RCM seeks here would impair the efficient resolution of the matter since

RCM would undoubtedly plead the Illinois judgment as a bar to eCorp's claims. We will not countenance RCM's misuse of Illinois's declaratory judgment statute to mount a defense it can assert in Texas.

¶ 24    For these reasons, we find that subjecting eCorp to RCM's suit is unreasonable and offends traditional notions of fair play and substantial justice. The circuit court properly granted eCorp's motion to dismiss for lack of personal jurisdiction.

¶ 25    Although we reached our conclusion on grounds of reasonableness, we agree with the circuit court's observations on general and specific jurisdiction. Basing general jurisdiction solely on trading through the CME would, taken to its logical conclusion, subject every entity that trades on the CME to suit in Illinois for any matter whether related to its trading activity or not. Such a broad result is unacceptable. We likewise agree that, assuming eCorp trades on the CME, RCM's claim is unrelated. Whether RCM abetted Hay in breaching his fiduciary duty to eCorp or RCM conspired to misappropriate eCorp's trading strategy cannot be reasonably understood to relate to or arise from eCorp's trading activity, even applying a lenient standard. As the circuit court observed, the connection is tenuous at best.

¶ 26    We turn to the second issue RCM raises: whether the circuit court erred in denying RCM's motion for leave to conduct limited discovery. In part, RCM sought limited discovery pursuant to Rule 191(b) to respond to eCorp's motion to dismiss for lack of jurisdiction. A trial court's ruling denying such discovery is reviewed for an abuse of discretion. *Janda v. U.S. Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 96. A trial court abuses its discretion only when "no reasonable person would take the view adopted by the court." *U.S. Bank National Ass'n v. Miller*, 2020 IL App (1st) 191029, ¶ 33.

¶ 27    Rule 191(b) enables a party opposing a motion to dismiss supported by affidavit to submit a counteraffidavit explaining why discovery is needed to obtain evidence necessary to oppose the motion. *Fayezi v. Illinois Casualty Co.*, 2016 IL App (1st) 150873, ¶ 43. The rule further enables the court to order a continuance to allow for such discovery before ruling on the underlying motion. See Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013). RCM argues that the court should have permitted discovery to enable it to counter Thrash's supplemental affidavit attesting that eCorp does not trade on the CME. The court denied RCM's request as untimely since RCM had already filed a response opposing eCorp's motion and the court was due to rule. When addressing the issue on reconsideration, the court observed that the discovery RCM sought was irrelevant since the court assumed *arguendo* that eCorp traded on CME.

¶ 28    Under the circumstances, we cannot conclude that no reasonable person would have taken the view adopted by the trial court. RCM first introduced the question of whether eCorp trades on the CME in the response it filed to eCorp's motion to dismiss. Thrash's initial affidavit merely stated that eCorp conducts no business in Illinois. RCM could have filed a prompt Rule 191(b) affidavit and requested a continuance to discover evidence of whether eCorp trades on CME before responding to eCorp's motion. Instead, RCM elected to conjecture that eCorp trades on CME based on eCorp's representation that it is in the business of trading natural gas futures and options. Thus, RCM prompted eCorp to reply with Thrash's supplemental affidavit refuting RCM's conjecture. Thus, RCM's motion for limited discovery, filed after eCorp's reply, did not accord with the purpose for discovery contemplated in Rule 191(b). That is, discovery at that point was not necessary for RCM to respond to eCorp's motion to dismiss, which was demonstrated by the fact that RCM had already filed a response without discovery. RCM's late discovery request resulted from a predicament of its own making, not a genuine necessity for discovery to respond to eCorp's

motion. Moreover, the discovery sought was made irrelevant when the court assumed that eCorp traded on CME *arguendo* in its analysis.

¶ 29    The remainder of RCM's discovery motion pertained to discovery for responding to eCorp's *forum non conveniens* motion. The circuit court's ruling on the jurisdictional motion mooted that issue and it remains so by our affirmance.

¶ 30                                  III. CONCLUSION

¶ 31    For these reasons, we affirm the judgment of the circuit court.

¶ 32    Affirmed.