# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Klehr v. Illinois Farmers Insurance Co., 2013 IL App (1st) 121843**

---

| | |
|---|---|
| Appellate Court Caption | MEGAN KLEHR, Plaintiff-Appellant, v. ILLINOIS FARMERS INSURANCE COMPANY, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-12-1843 |
| Filed | January 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Although the trial court had subject-matter jurisdiction to entertain plaintiff's complaint seeking a declaratory judgment challenging a discovery order entered in the arbitration of an uninsured motorist claim plaintiff filed, plaintiff's action seeking interlocutory review of the arbitrators' discovery order was still unripe for action by the trial court until a final award was issued by the arbitrators, since the Uniform Arbitration Act clearly intends to preclude intervention by the courts until the arbitration process is concluded. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CH-34842; the Hon. Rita M. Novak, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Brian J. Wiehe and Matthew J. Belcher, both of Belcher Law Office, of Chicago, for appellant. |
|---|---|
| | Danny L. Worker, Leena Soni, and Lisa M. Taylor, all of Lewis Brisbois Bisgaard & Smith LLP, of Chicago, for appellee. |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Quinn concurred in the judgment and opinion. |

## OPINION

¶ 1    If a valid arbitration agreement exists and the parties have begun but not completed the arbitration process, can one of the parties obtain judicial review of the arbitrators' interlocutory ruling on a discovery issue by filing a declaratory judgment action in the circuit court? This question is at the heart of this case and appears to be one of first impression in Illinois and, so far as we can tell, nationally. The circuit court decided that it lacked subject-matter jurisdiction in such a situation and dismissed the complaint. We affirm, though on a different ground.

¶ 2    This appeal is the sequel to *Klehr v. Illinois Farmers Insurance Co.*, No. 1-10-2459 (2011) (*Klehr I*) (unpublished order under Supreme Court Rule 23), and this case picks up where that one left off. As we related in *Klehr I*, in 2007, plaintiff Megan Klehr was a passenger in a car that was involved in a hit-and-run accident, and she filed an uninsured motorist claim with the driver's insurance carrier. The insurer settled plaintiff's claim after plaintiff filed a declaratory judgment action against it, but the settlement was insufficient to completely cover her injuries and so she filed an additional claim with her own insurance carrier, defendant Illinois Farmers Insurance Company. Not long after filing that claim, plaintiff demanded arbitration under the arbitration provision in her insurance policy and the matter was referred to the American Arbitration Association (AAA) for resolution.

¶ 3    This is where the problem underlying this case started. After the arbitration process began, defendant served several discovery requests on plaintiff, which included interrogatories, document requests, and a request to appear for a sworn statement. Plaintiff refused to comply, contending that discovery of the type sought by defendant is not permissible under the terms of the arbitration clause and applicable Illinois law or, alternatively, that any discovery must be conducted within 180 days of the initiation of the claim. Plaintiff did not bring the dispute to the arbitrators for a ruling, but instead filed a declaratory judgment action in the circuit court, in which she sought a declaration that the discovery period was closed and that plaintiff was therefore not required to answer defendant's discovery requests. The circuit court dismissed the complaint for failure to state

a claim (see 735 ILCS 5/2-615 (West 2010)).

¶ 4    We affirmed on appeal in *Klehr I*, finding that plaintiff had not alleged an actual controversy. We reasoned that plaintiff's complaint was premature because plaintiff did not allege that she had referred the issue to the arbitrators, who had authority over discovery issues pursuant to the applicable rules of the AAA. See *Klehr I*, slip op. at 4-9.

¶ 5    Shortly after we issued our order in *Klehr I*, plaintiff filed a motion with the arbitrators asking for the same relief that she had sought from the circuit court. The arbitrators denied the motion and ordered plaintiff to respond to defendant's discovery requests. Rather than complying with the arbitrators' order, however, plaintiff filed the instant lawsuit, which again seeks a declaratory judgment that discovery is not allowed in this situation or, alternatively, that the discovery period is limited to the 180 days after the claim was filed. Defendant moved to dismiss the complaint on a number of bases, including for failure to state a claim under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2010)). The circuit court, however, *sua sponte* raised the issue of subject-matter jurisdiction and found that it had no jurisdiction to review the arbitrators' interlocutory discovery order because the arbitration process had not been completed. The circuit court accordingly dismissed the complaint for lack of subject-matter jurisdiction (see 735 ILCS 5/2-619(a)(1) (West 2010)), and plaintiff appealed.

¶ 6    The initial question in this case is whether the circuit court has subject-matter jurisdiction over plaintiff's claim, which is an issue that we review *de novo*. See *In re Luis R.*, 239 Ill. 2d 295, 300 (2010). The subject-matter jurisdiction of the circuit court is broad and encompasses "all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law." Ill. Const. 1970, art. VI, § 9. Whether an action constitutes a "justiciable" matter is the critical inquiry in this context, and the supreme court provided the proper analysis in *Luis R.*:

> "Generally speaking, a 'justiciable matter' is 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' [Citation.] To invoke a circuit court's subject matter jurisdiction, a petition or complaint need only 'alleg[e] the existence of a justiciable matter.' [Citation.] Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as '[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings.' [Citation.] In other words, *the only consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine.* If it does, then subject matter jurisdiction is present." (Emphasis in original and added.) *Luis R.*, 239 Ill. 2d at 301.

¶ 7    In this case, plaintiff's complaint seeks a declaratory judgment, which is a type of case that is within the power of the circuit court to hear. See 735 ILCS 5/2-701 (West 2010). It is understandable that the circuit court was concerned about whether this is the kind of case that is appropriate for judicial review at this time, but the circuit court does have jurisdiction

over plaintiff's complaint because plaintiff seeks declaratory relief, which the circuit court is empowered to provide. The circuit court was therefore incorrect to dismiss the complaint for lack of subject-matter jurisdiction.

¶ 8 Yet merely because the circuit court has jurisdiction over plaintiff's claim does not necessarily mean that the claim is valid. The circuit court raised the issue of jurisdiction because it could see no legal basis for judicial review of interlocutory decisions by an arbitration panel prior to a final arbitration award. The authority of the courts to review arbitration awards is controlled by sections 10 through 13 of the Uniform Arbitration Act (710 ILCS 5/10 to 13 (West 2010)), but the Act does not provide a mechanism for review of interlocutory orders by the arbitrators. Indeed, aside from confirming, modifying, or vacating a final arbitration award, the role of the courts in the arbitration process is generally limited to determining the existence of a valid arbitration agreement. See *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill. 2d 435, 449-50 (1988) ("[T]he sole question for the court to determine is whether there was an agreement to arbitrate. [Citation.] If it is obvious that there was an agreement to arbitrate the dispute in question, that is, if the dispute clearly falls within the scope of the arbitration agreement, the court should order arbitration. If it is clear that it does not, arbitration should be refused. [Citation.] *** [I]n unclear cases and in the face of an omnibus arbitration clause *** the court should initially defer the arbitrability question to the arbitrator ***.").

¶ 9 What makes this case difficult is that plaintiff did not bring this action under the Uniform Arbitration Act, instead framing her claim as an action for a declaratory judgment. To state a claim for a declaratory judgment, plaintiff need only allege that she has a tangible legal interest, that defendant has an opposing interest, and that there is an actual controversy between the parties concerning those interests. See *Beahringer v. Page*, 204 Ill. 2d 363, 372 (2003). An actual controversy

"does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events" (Emphasis omitted.) (Internal quotation marks omitted.) *Id.* at 374-75.

¶ 10 In *Klehr I*, we found that plaintiff's claim was premature because the arbitrator had not made a ruling on the discovery issue, which would make any opinion by a court on the subject merely advisory. See *Klehr I*, slip op. at 4-9. Plaintiff's new lawsuit has corrected that problem by including an allegation that the arbitrators ruled against her on the discovery issue. As with her previous lawsuit, what plaintiff seeks in this case is in essence interlocutory judicial review of the arbitrators' discovery order in the guise of a declaratory judgment. Unlike *Klehr I*, however, plaintiff now appears to state a cause of action, at least based on the allegations of the complaint. Plaintiff alleges that defendant has demanded discovery and that the arbitrators have ordered her to comply. She also alleges that she does not want to comply with the order, and she has provided us with legal reasons supporting her position. Taken together, this is enough to allege the existence of an actual controversy between opposing legal interests, which is ordinarily sufficient to state a claim for a declaratory judgment. See *Beahringer*, 204 Ill. 2d at 372.

¶ 11    But merely alleging the existence of an actual controversy is not enough: the claim must also be ripe for judicial decision. The supreme court has stated that determining ripeness in the context of a declaratory judgment action requires considering whether the issue presented is "fit for judicial decision" and whether "any hardship to the parties *** would result from withholding judicial consideration." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 490 (2008). The concept behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." (Internal quotation marks omitted.) *Id.* We found that plaintiff's claims in *Klehr I* were unripe largely because "based on the allegations in the complaint, we cannot know what discovery procedures, if any, the arbitrator *** may impose in this particular case." *Klehr I*, slip op. at 9. That has now changed because the arbitrators have ordered plaintiff to comply with defendant's discovery requests.

¶ 12    Given that plaintiff's new complaint seeks only a legal interpretation of the interplay between the discovery rules of the AAA and the Illinois Insurance Code (215 ILCS 5/143a (West 2008)), we have no doubt that this issue is fit for judicial decision. See *Morr-Fitz*, 231 Ill. 2d at 492 (" 'Fitness for judicial decision means, most often, that the issue is legal rather than factual.' " (quoting *Minnesota Citizens Concerned for Life v. Federal Election Comm'n*, 113 F.3d 129, 132 (8th Cir. 1997))). Moreover, we now know that the arbitrators have allegedly ordered discovery, which was an allegation that was not present in *Klehr I*.

¶ 13    The harder question is whether the issue is fit for judicial decision *now*, that is, whether there will be a significant hardship imposed by declining to review the arbitrators' interlocutory order. Plaintiff claims two hardships. First, she contends that, absent a declaratory judgment action, the arbitrators' discovery order is unreviewable because of the limited role of the courts in reviewing final arbitration awards. This is simply not correct, given that the Uniform Arbitration Act requires courts to vacate awards when the arbitrators exceed their powers. See 710 ILCS 5/12(a)(3) (West 2010). Plaintiff's contention in this declaratory judgment action is that the discovery that defendant seeks is not legally authorized. If true, then the arbitrators have exceeded their powers by ordering plaintiff to comply with the discovery request, and that order can be reviewed by the circuit court as part of an application to vacate the award at the conclusion of the arbitration process.

¶ 14    Second, plaintiff contends that she will be forced to incur expenses and suffer delays in her case by complying with the discovery order. This is not an insignificant consideration, but we must view this potential hardship in light of the intent behind the Uniform Arbitration Act. The dispositive question is whether allowing judicial review of the arbitrators' interlocutory discovery ruling in order to mitigate the potential hardship of complying with such ruling runs counter to the intent of the Act's drafters. The Act itself is silent as to the extent to which courts should intervene in the arbitration process prior to a final award, so we look to its legislative history. *Cf. Daley v. Lakeview Billiard Café, Inc.*, 373 Ill. App. 3d 377, 382 (2007) ("[T]he statute is silent *** and we thus examine the legislative history to determine legislative intent ***."); see also *Donaldson*, 124 Ill. 2d at 449 ("Because there is no legislative history on the Illinois Arbitration Act, it is proper to consider the records of

the National Conference of Commissioners on Uniform Laws, and particularly the writings of the chairman of the subcommittee that undertook the drafting of the Act in construing the Illinois act." (Internal quotation marks omitted.)).

¶ 15 In a situation where an arbitration clause requires "that disputes over the meaning, interpretation and application of the contract shall be submitted to arbitration" (Maynard E. Pirsig, *Some Comments on Arbitration Legislation and the Uniform Act*, 10 Vand. L. Rev. 685, 694 (1957)), the comments state:

"It is the purpose of the uniform act to defer consideration of [this] question until *after the award has been rendered*. *** The award is now before the court with such explanation as the arbitrator may have given. It is the duty of the court under subdivision (3) [*i.e.*, 710 ILCS 5/12(a)(3) (West 2010)] to measure the award against the powers of the arbitrator conferred by the agreement. The issue then becomes whether the arbitrator exceeded his authority in rendering the award." (Emphasis added.) *Id.* at 706.

¶ 16 The meaning of this passage could not be clearer: if there is a dispute about an issue that is subject to the arbitration agreement, then the courts cannot review the arbitrator's ruling on that issue until after the arbitration process is complete.

¶ 17 Plaintiff alleges in her complaint that the basis for arbitration in this case is section 143a of the Illinois Insurance Code (215 ILCS 5/143a (West 2008)), which states that "any dispute with respect to the coverage and the amount of damages shall be submitted for arbitration to the American Arbitration Association and *be subject to its rules for the conduct of the arbitration hearings as to all matters except medical opinions.*" (Emphasis added.) And, as we noted in *Klehr I*, Rule 6 of the American Arbitration Association's Uninsured/Underinsured Motorist Arbitration and Mediation Rules (eff. Jan. 1, 2002) states:

"The arbitrator(s) shall have discretion to order pre-hearing exchange of information by the parties including, but not limited to, the production of requested documents, reports and records, as well as the attendance of any party for the purpose of conducting any independent medical examination(s) and sworn statement(s).

*** Unless otherwise limited by order of the court, parties shall complete all discovery no later than 180 days from the date the AAA forwards notification to the respondent advising that a claim has been initiated."

¶ 18 So the arbitrators may order discovery if they so choose, which they have done in this case. Plaintiff argued to the arbitrators that they could not order discovery pursuant to Rule 6 because the 180-day discovery period had already lapsed, but the arbitrators disagreed with plaintiff's interpretation of the rule, which they are also allowed to do. American Arbitration Association's Uninsured/Underinsured Motorist Arbitration and Mediation Rule 37 (eff. Jan. 1, 2002) empowers the arbitrators to "interpret and apply these rules insofar as they relate to the arbitrator's powers and duties. *** All other rules shall be interpreted and applied by the AAA."

¶ 19 In short, what is happening in this case is this: the Illinois Insurance Code mandates that the rules of the AAA apply to the arbitration of plaintiff's claim, Rule 6 grants the arbitrators authority over discovery, Rule 37 vests the arbitrators with the authority to interpret and apply the rules, and plaintiff disagrees with the arbitrators' interpretation of Rule 6. But

rather than complete the arbitration process and then seek review in the courts, plaintiff wants the courts to intervene now and overrule the arbitrators by means of a declaratory judgment.

¶ 20    Based on the comments to the Uniform Arbitration Act, this is precisely the type of dispute that the drafters intended to be reviewed by the courts only at the conclusion of arbitration as part of a motion to vacate the award, and for the courts to step into this dispute before the end of the arbitration process is contrary to the clear intent of the Act. Moreover, allowing plaintiff to obtain interlocutory review of the arbitrators' ruling would undermine the entire point of arbitration. Illinois public policy favors arbitration as a dispute-resolution mechanism because it "promotes the economical and efficient resolution of disputes." *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 59 (2011). If a declaratory judgment could be used to circumvent the limited role of the courts in arbitration, then any party aggrieved by an interlocutory order of the arbitrators could obtain judicial review prior to completion of the arbitration process, which would reduce the efficiency and cost effectiveness of arbitration as a dispute-resolution mechanism. The history of this case is a good example of how prolonged the arbitration process could become if interlocutory judicial review were available. This case has involved three separate declaratory judgment actions and two separate appeals over a span of more than five years, and the delays in resolving plaintiff's insurance claim are all but entirely due to plaintiff's repeated attempts to inject the courts into the arbitration process.

¶ 21    So the parties' dispute over the discovery order remains unripe for adjudication, and it will remain unripe until the arbitrators issue their final award. Plaintiff therefore has not stated a claim for a declaratory judgment and her complaint must be dismissed. See 735 ILCS 5/2-615 (West 2010). Of course, we take no position on the substantive merits of plaintiff's contentions regarding the arbitrators' discovery ruling and she is free to pursue that issue as part of a motion to vacate the arbitration award (see 710 ILCS 5/12(a)(3) (West 2010)), but not before arbitration is complete and not in the guise of a declaratory judgment action.

¶ 22    Affirmed.