2025 IL App (1st) 231843-U

SECOND DIVISION
June 17, 2025

No. 1-23-1843

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MICHELLE D. TOMASELLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CH 11878 |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | |
| INSURANCE CO., | ) | Honorable |
| | ) | Neil H. Cohen, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Van Tine and Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   We vacate the judgment of the circuit court of Cook County granting defendant's motion to dismiss plaintiff's complaint; the issue of whether the arbitration provision in an insurance contract was triggered should be decided by an arbitrator; plaintiff can plead facts to support claims for declaratory judgment and breach of contract but plaintiff's claims are subject to arbitration; the trial court is directed to stay these proceedings and order the parties to proceed to arbitration.

¶ 2    Plaintiff, Michelle D. Tomasello, filed a complaint for declaratory judgment (counts I and III) and breach of contract (count II) against defendant, State Farm Mutual Automobile Insurance Company, arising from plaintiff's claim for underinsured motorist coverage. The insurance contract contains an arbitration clause. Plaintiff's complaint (1) alleges breach of contract for defendant's failure to pay plaintiff's claim for coverage and for its delay in not doing so; (2)

sought a declaration that defendant failed to comply with the contract's requirements to invoke the arbitration clause, therefore defendant could file a complaint for breach of contract; and (3) sought a declaration that defendant should be sanctioned for failing to respond to certain discovery requests plaintiff sent to defendant prior to initiating the lawsuit. Defendant filed a combined motion to dismiss plaintiff's complaint on the grounds that the complaint failed to state a cause of action and/or was barred by other affirmative matter. The trial court granted defendant's motion, with prejudice.

¶ 3     For the following reasons, we vacate the trial court's judgment and remand the case to the trial court with directions to enter an order staying these proceedings and directing the parties to arbitration.

¶ 4                                    BACKGROUND

¶ 5     Plaintiff's claim for insurance coverage arose from a December 23, 2020, automobile accident in which an underinsured motorist struck plaintiff's vehicle. Plaintiff's automobile insurance contract with defendant included underinsured motorist coverage with a $250,000 policy limit. After the accident, on January 19, 2021, plaintiff's attorney sent a letter to defendant's Claims Department that stated the letter serves as plaintiff's "demand for benefits pursuant to [plaintiff's] uninsured/underinsured policy provisions." The letter states, "In addition [plaintiff is] making a demand for arbitration pursuant to the uninsured/underinsured policy provisions." Defendant, in its February 14, 2023, motion to dismiss plaintiff's complaint, admitted that, "By agreement of Plaintiff and [defendant,] the demand for arbitration was held in abeyance while Plaintiff prosecuted her claim against [the underinsured driver.]" Defendant granted plaintiff permission to accept the underinsured driver's offer of $25,000 (the

underinsured driver's insurance liability policy limit) in settlement of plaintiff's claim against the underinsured driver.

¶ 6    On July 15, 2022, plaintiff sent defendant a letter with the heading "Final Request for Adjustment of Claim and Payment of Policy Limits Within 30 Days." The July 15 letter states that plaintiff has underinsured coverage for plaintiff's loss in the amount of $250,000 and demanded payment of the full amount of benefits by August 17, 2022. Plaintiff attached copies of plaintiff's medical bills and records, plaintiff's "interrogatory answers," and photographs of the two vehicles involved in the accident. The medical bills plaintiff attached totaled approximately $145,000. The letter stated that factoring in plaintiff's loss of normal life, pain and suffering, and the permanency of plaintiff's injuries, plaintiff's loss is valued $3.825 million. Plaintiff's letter quoted the following language from the parties' insurance contract (hereinafter, "the arbitration clause"):

"Deciding Fault and Amount

1. The insured and we must agree to the answers to the following two questions:

  a.    Is the insured legally entitled to recover compensatory damages from the owner or driver of the underinsured vehicle?

  b.    If the insured and we agreed that the answer to 1a. above is yes, then what is the amount of the compensatory damages that the insured is legally entitled to recover from the owner or driver of the underinsured motor vehicle?

2. If there is no agreement, these questions shall be decided by arbitration."

(Emphases omitted.)

¶ 7    Plaintiff argued that to trigger the arbitration clause, defendant must adjust the claim and formally declare a disagreement exists between the parties regarding the amount of damages plaintiff is entitled to recover. Plaintiff's July 15 letter stated that the arbitration provision had not been triggered:

> "Because State Farm has never adjusted the claim, [plaintiff] does not know if there is a disagreement on the part of State Farm as to whether [plaintiff] is legally entitled to recover damages from the owner or driver of an 'underinsured motor vehicle' or that State Farm does not agree as to the amount of damages that are recoverable by [plaintiff.] In fact if there is no disagreement then there would be no need for arbitration. Without adjustment of the claim, the arbitration is not properly triggered."

¶ 8    The letter requested defendant to adjust the claim, pursuant to the insurance regulations, by stating, *inter alia*, State Farm's position as to the value of plaintiff's compensatory damages resulting from the accident. On August 30, 2022, plaintiff repeated the demands in the July 15 letter and requested payment by September 12, 2022.

¶ 9    In October 2022 defendant offered to settle plaintiff's claim for $20,477.41. On October 21, 2022, plaintiff "served" defendant with a document titled "Requests to Admit to State Farm Mutual Automobile Insurance Company." In November 2022, defendant named an arbitrator for this claim. Thereafter, on December 8, 2022, plaintiff filed the complaint at issue.

¶ 10    Count I of plaintiff's complaint alleges that, "No conclusion may be reached on whether there is 'no agreement' between the parties [under the arbitration clause] until State Farm determines if [plaintiff] is legally entitled to recover compensatory damages" and "states its position on the monetary amount of damages that [plaintiff] is legally entitled to recover" from

the underinsured driver. Count I seeks a declaration that defendant has not established "no agreement" on liability or damages sufficient to trigger the arbitration clause and that plaintiff is entitled to have a jury determine contractual damages. The complaint includes the following relevant allegations:

"40. In October 2022, State Farm made a settlement offer 'based upon the information we have currently.'

41. State Farm called the settlement offer an 'initial offer' or an 'initial liability claim offer.' *** State Farm stated, 'When the requested prior records are received, we will be happy to reevaluate our claim value.'

42. State Farm's settlement offer *** did not take any position on liability or on damages.

* * *

49. After receiving [plaintiff's] medical records, bills, and authorization [for additional records it may have wanted to see] State Farm has not made any additional offers.

50. The *** arbitration clause make [*sic*] no references to demands, offers or settlement.

51. The [arbitration clause] references whether there is 'agreement' as to liability and damages which is a reference to the adjustment of a claim.

52. According to the [arbitration clause,] before a claim could ever be ripe for arbitration, State Farm would first need to take a formal position on liability and damages."

Plaintiff's complaint further alleges that defendant breached the contract by breaching the duty of good faith and fair dealing that is "[i]nherent in every contract" and, therefore, defendant "cannot invoke the arbitration provisions." Plaintiff alleges that defendant's "failure to adjust [plaintiff's] claim" and "pay all sums recoverable" is "acting in a manner inconsistent with the reasonable expectations of the parties;" is unreasonable, arbitrary, and capricious; and in violation of the covenant of good faith and fair dealing.

¶ 11    Count II of plaintiff's complaint is for breach of contract and also seeks damages under 215 ILCS 5/155 "based upon State Farm compelling [plaintiff] to institute this suit to recover amounts due under its policy and for failure to complete a timely or thorough investigation."

¶ 12    Count III of plaintiff's complaint alleges that, "Under the terms of the policy, the law of the State of Illinois including *** Illinois Supreme Court Rule 216 and 213 apply." Plaintiff alleges that it propounded requests to admit on defendant pursuant to Rule 216 which defendant never responded to. Plaintiff's complaint requests an order pursuant to Illinois supreme court rules "deeming all the facts in the requests to admit as true." Plaintiff also alleges that defendant did not disclose any witnesses pursuant to Rule 213(f)(3) and requests a declaratory judgment that defendant is barred from calling any 213(f)(3) witnesses.

¶ 13    Defendant filed a combined motion to dismiss plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)). Defendant's motion states that in January 2021 plaintiff demanded arbitration of plaintiff's claim for underinsured motorist benefits and the demand for arbitration was held in abeyance while plaintiff prosecuted a claim against the underinsured driver. Thereafter defendant offered plaintiff approximately $20,000, and it stated that this "offer was made while State Farm investigated whether some of the alleged medical bills were [not] related to the accident." Defendant's motion also argues that

plaintiff failed to cite any authority entitling plaintiff to a claim for a declaration that there is "no agreement" on liability or damages and such a claim is not a viable cause of action. Defendant also argues that section 154.6 of the Insurance Code "cannot be used to support a Section 155 claim." Defendant argues that plaintiff cannot proceed on a civil case until the arbitration is complete, and plaintiff "should not be permitted to file litigation and avoid an arbitration that [plaintiff] demanded."

¶ 14    As to count II of plaintiff's complaint, defendant's motion argues that the claim for breach of contract fails as a matter of law because defendant is not obligated to immediately pay an underinsured motorist claim when there is a dispute over the amount of compensatory damages and the parties should proceed to arbitration to resolve the dispute. Defendant also argues that plaintiff's claim under section 155 of the Code should be stricken because "an insured can only obtain Section 155 relief if they prevail on a breach of contract claim."

¶ 15    Finally, as to count III, defendant's motion notes that plaintiff served requests to admit before plaintiff filed a complaint. Defendant's motion argues that "[t]here is no Illinois precedent that supports Plaintiff's position that a Plaintiff can seek a declaratory judgment as to whether discovery should be deemed as admitted."

¶ 16    Plaintiff filed a response to defendant's motion to dismiss, defendant filed a reply, and plaintiff filed a sur-reply with leave of court.

¶ 17    Plaintiff's response argues, in part, that, in the alternative to plaintiff's other arguments, the complaint should be dismissed *without* prejudice or stayed pending arbitration. Defendant replied, in part, that the fact that (1) plaintiff demanded $250,000 and (2) defendant offered $20,000, demonstrates that there is "no agreement" between the parties. Finally, plaintiff's sur-reply argues, in part, that whether defendant established "no agreement" sufficiently to trigger

the arbitration clause is a question of law that cannot be decided by the arbitrator and must be decided by the court. Plaintiff's sur-reply argues that defendant must take a position on plaintiff's total medical bills to demonstrate "no agreement."

¶ 18     On May 31, 2023, the trial court granted defendant's motion to dismiss with prejudice.

¶ 19     This appeal followed.

¶ 20                                    ANALYSIS

¶ 21                              STANDARD OF REVIEW

¶ 22     This is an appeal of a judgment granting a motion to dismiss a complaint for declaratory judgment and other relief pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2022)). Section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2022)) "allows a party to combine a section 2-619 motion with a section 2-615 motion to dismiss." *Cook Au Vin, LLC v. Mid-Century Insurance Co.*, 2023 IL App (1st) 220601, ¶ 18. "A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint by alleging defects on its face. [Citation.] *** We review the trial court's grant of a section 2-615 motion to dismiss *de novo*." *Cook Au Vin, LLC*, 2023 IL App (1st) 220601, ¶ 19. Conversely, "[a] section 2-619 motion to dismiss admits the legal sufficiency of the plaintiff's complaint but raises *** affirmative matters that appear on the face of the complaint *** acting to defeat the complaint's allegations. [Citation.] *** [T] his court's review is *de novo*." *Tielke v. Auto Owners Insurance Co.*, 2019 IL App (1st) 181756, ¶ 22.

¶ 23     " 'Under the *de novo* standard of review, this court owes no deference to the trial court.' [Citations.] We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct." *Omega Demolition Corp. v. Illinois State Toll Highway Authority*, 2022 IL App (1st) 210158, ¶ 36. On appeal, this court is authorized to "enter

any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." IL S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994).

¶ 24          I. DECLARATORY JUDGMENT — ARBITRATION

¶ 25     Plaintiff's first argument on appeal is that the complaint states a claim for a declaratory judgment that defendant "has not established 'no agreement' on liability or damages sufficient to trigger the policy's arbitration clause." Plaintiff argues that to establish "no agreement" defendant must "adjust" the claim and take a "formal position" on all of plaintiff's medical bills.

¶ 26     Defendant argues that the "no agreement" provision in the arbitration clause is satisfied because "one party demand[ed] $250,000 and the other party offer[ed] $20,477.41."

¶ 27      Plaintiff argues that under this court's decision in *Charter Properties, Inc. v. Rockford Mutual Insurance Co.*, 2018 IL App (2d) 170637, "If State Farm wants to legitimately dispute most or all of an insured's damages, it must have support for that dispute." Plaintiff claims that "*Charter Properties* stands for the proposition that insurance companies can only create a *bona fide* dispute/'no agreement' under their policies when they have an expert that disputes the plaintiff's expert."

¶ 28     Defendant argues that count I of plaintiff's complaint fails to allege the existence of an actual controversy between the parties because the complaint demonstrates on its face that the disputed condition has been met. That is, the complaint itself demonstrates that there was "no agreement" between the parties as to the amount of damages; therefore, the insurance contract required the matter to go to arbitration.

¶ 29     We find that count I of plaintiff's complaint states a claim for a declaratory judgment on its face. "The elements of a declaratory judgment action are '(1) a plaintiff with a tangible, legal

interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interests.' [Citation.]" *Travelers Indemnity Co. of America v. Townes of Cedar Ridge Condominium Ass'n*, 2022 IL App (3d) 200542, ¶ 10. Defendant only challenges the "actual controversy" element of a declaratory judgment action. In this context " 'actual' does not mean that a wrong must have been committed and an injury inflicted; rather, the term requires a showing that the underlying facts and issues of the case are not moot or premature with the result that a court passes judgment upon mere abstract propositions of law, renders an advisory opinion, or gives legal advice concerning future events." *Messenger v. Edgar*, 157 Ill. 2d 162, 170 (1993).

¶ 30    The controversy in this case is the parties' dispute over the meaning of the "no agreement" provision in the insurance contract. Plaintiff argues the term means defendant must "adjust" the claim resulting in a competing formal declaration of the insured's damages supported by expert opinions, whereas defendant argues the term simply means the parties have been unable to reach an agreement on the questions of liability and damages. The issue is not moot or premature. The parties' are currently engaged in a dispute over whether they must proceed to arbitration or whether plaintiff's complaint may proceed in the court. The claim does not seek an advisory opinion or legal advice concerning future events because a determination would resolve the current dispute. This issue is not "abstract" because plaintiff has actually filed the complaint on which the dispute is based and defendant has moved to dismiss that complaint.

¶ 31    Plaintiff's complaint alleges all of the elements of a claim for declaratory judgment. Therefore, count I of the complaint is sufficient to survive defendant's 2-615 motion to dismiss. To the extent the trial court dismissed count I of plaintiff's complaint pursuant to section 2-615, the trial court's judgment is reversed.

¶ 32    Next, plaintiff argues that the existence of the arbitration clause is not an affirmative matter that bars count I of the complaint. Plaintiff argues that the "no agreement" provision is a condition precedent to arbitration, and that the "existence" of a condition precedent to arbitration is a question of law for the court. Plaintiff notes that under the terms of the policy: "Arbitrators shall have no authority to decide any questions of law ***."

¶ 33    Defendant argues that if count I does state a claim, then count I should be dismissed because plaintiff waived any condition precedent to arbitration by demanding arbitration. Defendant has not argued whether or not the "no agreement" provision is a "condition precedent" or whether the question of whether defendant has satisfied it must be decided by a court.

¶ 34    Consistent with plaintiff's argument, the court in *Johnco Construction, Inc.* stated, "It has been held that the existence of a condition precedent to arbitration is a question for the court to decide ***." *Menard County Housing Authority v. Johnco Construction, Inc.*, 341 Ill. App. 3d 460, 464 (2003). However, the court also held,

> "Where there is an arbitration agreement, but it is unclear whether the subject matter of the dispute falls within the scope of the arbitration agreement, the question of substantive arbitrability should initially be decided by the arbitrator. *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr,* 124 Ill. 2d 435, 447-48 (1988). This is consistent with the purpose of arbitration, employing the arbitrator's skilled judgment to resolve the ambiguity. [Citation.]" *Id.* at 463.

¶ 35    The *Johnco Construction Inc.* court found that the trial court in that case made a factual finding that the first party had sent a "final decision" from its "contracting officer" to start the clock on the period in which the other party could submit the decision to an arbitrator. *Johnco*

*Construction, Inc.*, 341 Ill. App. 3d at 465. The court found that there was "something to Johnco's argument *** that to begin the running of the 30-day period, the contracting officer's decision had to make it clear that it had that effect." *Johnco Construction, Inc.*, 341 Ill. App. 3d at 466. In other words, the parties could dispute whether the event activating arbitration had to be in a certain form.

¶ 36    Similarly, here, plaintiff argues the activating event for arbitration has to be in a certain form. In *Johnco*, this court concluded that the matter was "not so clear that it should have been ruled upon initially by the circuit court, without consideration by the arbitrator." *Johnco Construction, Inc.*, 341 Ill. App. 3d at 466.

¶ 37    In *Village of Carpentersville v. Mayfair Construction Co.*, 100 Ill. App. 3d 128 (1981), on which the *Johnco* court relied, the court held that the "procedural matters in question should be decided by the arbitrator." *Mayfair Construction Co.*, 100 Ill. App. 3d at 133. The *Mayfair* court found that the United States Supreme Court had held: " 'Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it.' " *Mayfair Construction Co.*, 100 Ill. App. 3d at 132 (quoting *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556 (1964)). The *Mayfair* court also noted that the authorities the parties relied on distinguished between "statutory conditions precedent and contractual conditions precedent," with the latter usually being a question for the arbitrator, and distinguished between "contractual limitations which are expressly made conditions precedent to arbitration from those which are not, holding that the former should be decided by the court and the latter by the arbitrator, as a general rule." *Mayfair Construction Co.*, 100 Ill. App. 3d at 133 (citing *United Nations Development v. Norkin Plumbing*, 45 N.Y.2d 358 (1978)).

¶ 38 We find that in this case, the "no agreement" requirement is a procedural requirement that should be decided by an arbitrator. The "no agreement" provision is not a statutory condition precedent and it is not a contractual limitation which is expressly made a condition precedent to arbitration. *Mayfair Construction Co.*, 100 Ill. App. 3d at 133 (citing *United Nations Development v. Norkin Plumbing*, 45 N.Y.2d 358 (1978)). The contract only states that, "If there is no agreement, these questions shall be decided by arbitration." See *Mayfair Construction Co.*, 100 Ill. App. 3d at 133. "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc.*, 376 U.S. at 557. Parties are bound to arbitrate those issues they have agreed to arbitrate. *Clark v. Foresight Energy, LLC*, 2023 IL App (5th) 230346, ¶ 25. "Where there is a valid arbitration agreement and the parties' dispute falls within the scope of that agreement, arbitration is mandatory and the trial court must compel it." (Internal quotation marks and citation omitted.) *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill. App. 3d 173, 180 (2007).

¶ 39 The only question in this case is whether the procedure to get to arbitration has been satisfied. This question is inextricably intertwined with the question, what does the "no agreement" provision require, whether the formal procedure plaintiff demands or the informal procedure defendant advocates. This is not a case where the facts make it impossible to find the arbitration clause was properly activated. Compare *Monroy-Perez v. Sentry Select Insurance Co.*, 2025 IL App (1st) 241711, ¶ 40 ("we cannot say the parties 'd[id] not agree as to the amount of damages that [were] recoverable' "). Further, the dispute in this case goes beyond the allegations in plaintiff's complaint, making the answer even less clear. Even if the arbitrator were to reject plaintiff's position that an investigation and expert report followed by a formal declaration of the

value of the claim is required, the arbitrator may still find that defendant's initial counteroffer, with an alleged promise to continue to investigate, is not enough to establish "no agreement" between the parties on liability and damages.

¶ 40    Plaintiff does not dispute that the substance of the claim, that being the amount of defendant's obligation, is subject to arbitration if the proper procedure, that being "no agreement" as the parties intended there to be "no agreement," is followed. We find that the "no agreement" provision in the arbitration clause is not a "condition precedent" but, like the specific form of letter required in *Mayfair Construction Co.*, the final decision required in *Johnco Construction, Inc.*, and the failure to resolve the issue through the grievance process in *John Wiley & Sons, Inc.*, whether there is "no agreement" between the parties as to liability and the amount of damages is a procedural question that should be ruled upon initially by the arbitrator. *Johnco Construction, Inc.*, 341 Ill. App. 3d at 466, see also *Mayfair Construction Co.*, 100 Ill. App. 3d at 133, *Smola v. Greenleaf Orthopedic Associates, S.C.*, 2012 IL App (2d) 111277, ¶ 26 (citing *Mayfair Construction Co.*, 100 Ill. App. 3d at 133 ("an arbitrator should decide issues pertaining to procedural matters related to initiating arbitration pursuant to an agreement")).

¶ 41    Plaintiff argues that defendant waived its right to arbitration by acting inconsistently with the arbitration clause and filing a motion to dismiss plaintiff's complaint. Defendant argues that the "issue placed before the trial court in State Farm's motion to dismiss as to count I was [enforcement of] the arbitration clause, and as such, waiver is inapplicable." "Waiver of the right to arbitrate *** may occur when a party acts in a manner which is inconsistent with the arbitration clause, thus indicating abandonment of the right." *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 536 (1986). "[A] party's conduct amounts to waiver when it submits issues that are arbitral under the contract to a court for decision." *Watkins v. Mellen*, 2016 IL

App (3d) 140570, ¶ 14. "[T]he operative distinction between judicial filings and actions that constitute a waiver of the right to compel arbitration and those that do not is whether, prior to seeking to compel arbitration, the party has placed substantive issues before the court" regardless of "the form of the documents in which those issues are raised." *Watkins*, 2016 IL App (3d) 140570, ¶ 15.

¶ 42    We find that defendant did not waive the arbitration clause by filing a motion to dismiss or by not filing a motion to compel arbitration. Defendant moved to dismiss plaintiff's complaint without asserting any counterclaims. Furthermore, *Watkins* is distinguishable. In *Watkins*, the court found that the defendants' motion to dismiss submitted the "substantive issue that would have been submitted to arbitration" to the court for resolution. *Watkins*, 2016 IL App (3d) 140570, ¶¶ 16-17. The same is not true in this case. Defendant's motion to dismiss admits that defendant does not dispute that plaintiff is entitled to some underinsured motorist benefits, leaving only the amount of damages in dispute. Defendant's motion to dismiss does not seek to have the trial court resolve the issues of liability of the underinsured driver or the amount of damages, which is the substantive issue that would be submitted to arbitration under the parties' contract. Therefore, we find that in this case defendant's conduct "was not so inconsistent with the contractual right to arbitrate as to indicate an abandonment of that right." *Kostakos*, 142 Ill. App. 3d at 537.

¶ 43    Furthermore, "[t]he right to arbitration is treated as 'affirmative matter' that defeats the claim." *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1101 (2009) (citing *Griffith, Inc.*, 378 Ill. App. 3d at 180). Plaintiff cites no authority for the proposition that defendant's failure to file a motion to compel arbitration acts to waive defendant's rights under the arbitration clause. None of the cases on which plaintiff relies required a party to file a motion

to compel arbitration to avoid waiver. See *Kostakos*, 142 Ill. App. 3d at 537, *Atkins v. Rustic Woods Partners*, 171 Ill. App. 3d 373, 379 (1988), *Watkins*, 2016 IL App (3d) 140570, ¶ 17. Defendant's 2-619 motion is a proper means to assert the arbitration clause. See *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327, ¶ 25 ("The affirmative matter relied upon to dismiss is the exclusive remedy of arbitration."), see also *Travis v. American Manufacturers Mutual Insurance Co.*, 335 Ill. App. 3d 1171, 1174 (2002).

¶ 44    Count I of plaintiff's complaint seeks a declaration that defendant failed to establish "no agreement" between the parties on the issues of liability and damages for plaintiff's underinsured motorist claim. There is no dispute that the question regarding the liability of the underinsured motorist and the amount of damages to which plaintiff is entitled under the contract falls within the scope of the arbitration clause. We find that the question raised in count I is a procedural matter for the arbitrator to decide, and the case should be stayed pending arbitration. Therefore, to the extent the trial court dismissed count I of plaintiff's complaint pursuant to section 2-619, the trial court's order is vacated, and proceedings thereon shall be stayed pending arbitration.

¶ 45                                    II. BREACH OF CONTRACT

¶ 46    Defendant argues that plaintiff is required to arbitrate the amount of compensatory damages plaintiff is entitled to, "since there was no agreement between the parties on the amount of damages to which plaintiff was entitled." Defendant argues that because there was no arbitration award for defendant to pay, it could not be in breach of the contract for failure to pay plaintiff's underinsured motorist claim. Defendant also argues that plaintiff cannot state a claim for section 155 damages because section 155 does not create an independent cause of action, nor does section 154 of the Code, the insurance regulations, or the implied covenant of good faith and fair dealing give rise to independent private causes of action. Plaintiff argues that "the

arbitration clause has not been triggered and therefore, there is no requirement for the parties to proceed to arbitration."

¶ 47    "[O]nce a valid arbitration agreement has been established, the trial court has no discretion but shall order arbitration." *First Condominium Development Co. v. Apex Construction & Engineering Corp.*, 126 Ill. App. 3d 843, 849 (1984) (citing *Kelso-Burnett Co. v. Zeus Development Corp.*, 107 Ill. App. 3d 34 (1982)). Plaintiff may have a challenge to the arbitrator's award, if any, after the arbitration on the grounds the arbitrator exceeded their authority because the arbitration clause had not been activated. See *Klehr v. Illinois Farmers Insurance Co.*, 2013 IL App (1st) 121843, ¶ 13 (orders by arbitrators that exceed the arbitrator's power by making orders the arbitrator is not legally authorized to make "can be reviewed by the circuit court as part of an application to vacate the award at the conclusion of the arbitration process").

¶ 48    As for plaintiff's alleged claim pursuant to section 155 of the Code (215 ILCS 5/155 (West 2022)), the complaint asks for "[d]amages under 215 ILCS 5/155," and plaintiff's prior references to the covenant of good faith and fair dealing, the Code, and the insurance regulations (under the heading "Background Facts") are stated in support of plaintiff's claim that defendant "failed to adjust [plaintiff's] claim and pay all sums recoverable as compensatory damages." In *Moles v. Illinois Farmers Insurance Co.*, 2023 IL App (1st) 220853, ¶ 15, the issue was whether "Illinois law allows a stand-alone section 155 claim." This court found that " 'for a plaintiff to recover under section 155, [s]he must also succeed in [an] action on the policy.' [Citations.]" *Moles*, 2023 IL App (1st) 220853, ¶ 19. " 'Mere allegations of bad faith or unreasonable delay and vexatious conduct [by an insurer] *** are not sufficient to constitute a separate and independent tort' for which an insurer can be held liable under section 155." *Moles*, 2023 IL App

(1st) 220853, ¶ 25 (quoting *Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 531 (1996)). "Section 155 does not *create* an action for unreasonable delay in settling a claim. Rather, an action alleging unreasonable delay in settling an insurance claim is one of three types of lawsuits that *trigger the application* of section 155." (Emphases in original.) *Moles*, 2023 IL App (1st) 220853, ¶ 23 (citing *Cramer*, 174 Ill. 2d at 523-24).

¶ 49    Plaintiff's reliance on *Buais v. Safeway Insurance Co.*, 275 Ill. App. 3d 587 (1995), is misplaced. As this court found in *Moles*, *Buais* "predate[s] our supreme court's holding in *Cramer* that a section 155 claim must be connected to an action on the policy and that section 155 itself does not create liability." *Moles*, 2023 IL App (1st) 220853, ¶ 27 (citing *Cramer*, 174 Ill. 2d at 523-24). Plaintiff argues that the breach of contract claim should proceed and, therefore, so should plaintiff's claim for damages pursuant to section 155 of the Code. However, we have found that the parties must submit the substance of the claim—the amount of defendant's obligation to plaintiff for underinsured motorist coverage—to arbitration, including the question of whether there is "no agreement" between the parties on liability and damages as a procedural prerequisite to submitting the insurance claim to arbitration. Consequently, plaintiff does not currently have an "action on the policy" to support of plaintiff's claim for damages pursuant to section 155 of the Code. *Moles*, 2023 IL App (1st) 220853, ¶ 27 ("a section 155 claim must be connected to an action on the policy").

¶ 50    "A complaint should be dismissed with prejudice under section 2-615 or section 2-619 only where it is clear that the plaintiff can prove no set of facts that would entitle it to relief." *Lake Point Tower Condominium Ass'n v. Waller*, 2017 IL App (1st) 162072, ¶ 21. In this case if the arbitration does not result in an arbitration award, or if plaintiff successfully rejects the award, plaintiff can state a claim for breach of contract, and for damages pursuant to section 155

of the Code. *Elson v. State Farm Fire & Casualty Co.*, 295 Ill. App. 3d 1, 6 (1998) (stating elements of a properly pled breach of contract claim), *West American Insurance Co. v. J.R. Construction Co.*, 334 Ill. App. 3d 75, 88 (2002) (discussing determination of whether an insurer's actions are vexatious and unreasonable). Therefore, the dismissal of count II of plaintiff's complaint with prejudice is vacated and the complaint shall be stayed pending arbitration.

¶ 51                    III. DECLARATORY JUDGMENT — DISCOVERY

¶ 52    Finally, plaintiff argues that count III of the complaint states a claim for a declaratory judgment based on defendant's failure to respond to plaintiff's discovery requests because the insurance contract provides that "State court rules governing procedure and the admission of evidence shall be used." Plaintiff further argues that whether requests to admit are deemed admitted or a party is barred from calling witnesses are questions of law that an arbitrator has no authority to decide. Plaintiff cites no authority for the assertion that the sanction for failing to respond to a discovery request in an arbitration proceeding is a question of law for the court and not the arbitrator. Defendant argues plaintiff thereby forfeited her argument. We agree. *Eberhardt v. Village of Tinley Park*, 2024 IL App (1st) 230139, ¶ 25 (failure to cite authority in support of appellate argument waives or forfeits the contention on appeal). Forfeiture aside,  the clause in the insurance contract stating that, "State court rules governing procedure and admission of evidence shall be used," is silent on whether the arbitrator has authority to decide issues related to the application of those rules in the arbitration. Moreover, our supreme court has stated that, "The decision whether or not to impose sanctions lies within the sound discretion of the trial court, and that decision will not be reversed absent an abuse of discretion." *Sullivan v. Edward Hospital*, 209 Ill. 2d 100, 110-11 (2004). Thus, these matters are not always pure

questions of law. Regardless, this is not a situation where we must construe an ambiguous contract provision in favor of plaintiff. The dispute here involves a determination of the procedures to be followed in the arbitration. Such matters should be decided by the arbitrator subject to subsequent review on the question of whether the arbitrator exceeded their authority. Plaintiff's allegations are sufficient to state a claim for declaratory judgment but the claim is subject to arbitration first. See *Klehr*, 2013 IL App (1st) 121843, ¶ 10. Therefore, the trial court's judgment dismissing count III of plaintiff's complaint is vacated and proceedings thereon shall be stayed pending arbitration.

¶ 53                                    IV. STAY

¶ 54    Plaintiff argued in the alternative that if this court "agrees with any aspect of the circuit court's dismissal," then pursuant to section 2(d) of the Uniform Arbitration Act (710 ILCS 5/2(d) (West 2022)), the complaint should be stayed pending arbitration. Section 2(d) provides as follows:

> "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." 710 ILCS 5/2(d) (West 2022).

¶ 55    Defendant's only response to plaintiff's request to stay the complaint is that "no viable cause of action remained to be stayed."

¶ 56    The language of section 2(d) imposes a mandatory obligation. *Kulhanek v. Casper*, 2023 IL App (1st) 221454, ¶ 26 ("Courts generally regard the word 'shall' in a statute as meaning 'mandatory.' "). We find that plaintiff may have viable causes of action (depending on the

arbitrator's decisions). We have also found that plaintiff's causes of action are actions involving issues subject to arbitration. We have no discretion to deny plaintiff's application for a stay of the complaint. "An action involving an issue subject to arbitration shall be stayed with respect to that issue if arbitration has been ordered." *Contract Development Corp. v. Beck*, 210 Ill. App. 3d 677, 679 (1991). This interpretation is consistent with federal law construing the Federal Arbitration Act. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). Therefore, we find that plaintiff is entitled to a stay of the instant complaint.

¶ 57     The trial court's order granting defendant's motion to dismiss is vacated. We remand to the trial court and direct the court to enter an order to stay the current proceedings and direct the parties to arbitration.

¶ 58                                  CONCLUSION

¶ 59     For the foregoing reasons, the judgment of the circuit court of Cook County is vacated, and the case is remanded with directions.

¶ 60     Vacated, remanded with directions.